# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>GORDON LASLEY, JR.,<br><br>Defendant. | Case No. 14-MJ-65<br><br>ORDER FOR PRETRIAL DETENTION |

On the 13th day of March, 2013, this matter came on for hearing on the Government's request to have the Defendant detained prior to trial and the Defendant's request for a preliminary hearing. The Government was represented by Assistant United States Attorney Anthony Morfitt. The Defendant appeared personally and was represented by his attorneys, B. John Burns, III and Jill M. Johnston.

## I. RELEVANT FACTS AND PROCEEDINGS

On March 7, 2014, Defendant Gordon Lasley, Jr. was charged by Criminal Complaint (docket number 2) with murder in Indian country. At Defendant's initial appearance on March 10, the Government asked that he be detained pending further proceedings.

Special Agent Scott Irwin of the Federal Bureau of Investigation testified regarding the circumstances underlying the instant charge. At approximately 10:20 p.m. on February 5, 2014, the Tama County Sheriff's Office received a call from one of Defendant's brothers, reporting the death of their father. A few minutes later, the girlfriend of Defendant's other brother called the sheriff's office and reported that Defendant had admitted killing his parents with a machete. Tribal Police went to the home

of Defendant's parents and discovered their bodies. The victims had suffered wounds consistent with the use of a machete, and a machete with blood on it was found nearby. Shortly after midnight, a Tama County Sheriff's deputy stopped a vehicle being driven by Defendant, and found Defendant with blood on his clothes and hands.

Law enforcement officers subsequently interviewed Defendant's girlfriend. She told authorities that she and Defendant had been at his parents' house earlier that evening, but she had left at about 8:15 p.m. At approximately 9:18 p.m., Defendant called his girlfriend and admitted killing his parents. Law enforcement officers also spoke with Defendant's brother's girlfriend, who reported that Defendant had blood on him when he admitted killing his parents.

Defendant is 25 years old and has lived in the Tama County area all of his life. He has never been married, but has three children from a relationship with Antonia Hernandez. If released, he would reside with Ms. Hernandez and their children. It should be noted, however, that the pretrial services officer was unable to verify that Defendant could return to that home if released.

Defendant was last employed as a detasseler in the summer of 2013. Prior to that time, he worked for about seven months in 2012 at the Meskwaki Cassino Hotel. Defendant reported no history of physical health issues, and denied having any history of mental health issues.

Defendant admitted that he consumes alcohol heavily on a regular basis and has been convicted three times for operating in a motor vehicle while intoxicated. He also admitting using marijuana "off and on" since age 14. Defendant reported undergoing substance abuse treatment in 2006 and 2011.

As a juvenile, Defendant was placed at the Iowa Training School for boys. As an adult, he was convicted in 2006 of public intoxication, possession of marijuana, theft in the fifth degree, trespass, interference with official acts, trespass, criminal mischief, and

driving while revoked. In 2007, he was convicted with interference with official acts, another interference with official acts, possession of marijuana (second offense), and operating while intoxicated. In 2008, Defendant was convicted of trespass, driving while barred, and operating while intoxicated, second offense. In 2009, Defendant was convicted twice of criminal mischief in the fifth degree, trespass, domestic abuse assault, and public intoxication. In 2010, Defendant was convicted of trespass. In 2011, he was convicted of operating while intoxicated, third offense. In 2013, Defendant was convicted of assault causing bodily injury.

By the Court's count, Defendant failed to appear for court appearances on seven occasions. As a result of his failure to comply with terms of supervision, Defendant's pretrial release was revoked once, his probation was revoked twice, and he was found in contempt of court twice. Defendant was on probation for operating while intoxicated at the time of these events.

## II. DISCUSSION

The release or detention of a defendant pending trial is governed by the Bail Reform Act of 1984, 18 U.S.C. § 3142. In *United States v. Salerno*, 481 U.S. 739 (1987), the United States Supreme Court upheld the constitutionality of the Bail Reform Act of 1984, while noting that "[i]n our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." *Id.* at 755.

### A. Legal Standard to be Applied

If the government moves to have a defendant detained prior to trial, the court must undertake a two-step inquiry. *United States v. Friedman*, 837 F.2d 48, 49 (2d Cir. 1988). The Court must first determine by a preponderance of the evidence that the case involves an offense listed in 18 U.S.C. § 3142(f)(1), or that the defendant presents certain risk factors, as identified in § 3142(f)(2). *Id.* Once this determination has been made, the court then determines, pursuant to § 3142(e), whether any condition or combination of

3

conditions will reasonably assure the defendant's appearance at trial and the safety of the community. *Id.*

Regarding the first step, pretrial detention is not authorized unless the Court finds that at least one of seven enumerated circumstances is applicable. 18 U.S.C. § 3142(f). The first five enumerated circumstances refer to "offense types," such as crimes of violence, offenses punishable by life imprisonment, serious drug offenses, felonies committed by repeat offenders, and felonies involving minor victims or guns. 18 U.S.C. § 3142(f)(1)(A-E). The last two enumerated circumstances where a hearing is authorized involve "risk factors," such as a serious risk of flight, or a serious risk the defendant will obstruct justice. 18 U.S.C. § 3142(f)(2)(A-B).

Regarding the second step, if following a hearing "the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community," then the judicial officer must order the defendant detained pending the trial. 18 U.S.C. § 3142(e). A finding that no condition or combination of conditions will reasonably assure the safety of the community must be supported by clear and convincing evidence. 18 U.S.C. § 3142(f). A finding that no condition or combination of conditions will reasonably assure the defendant's appearance, however, must only be established by a preponderance of the evidence. *United States v. Orta*, 760 F.2d 887, 891 (8th Cir. 1985).

In determining whether any condition or combination of conditions will reasonably assure the defendant's appearance as required and the safety of the community, the Court must take into account the available information concerning (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant, including (a) the defendant's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or

4

alcohol abuse, criminal history, and record concerning appearance at court proceedings, and (b) whether, at the time of the current offense or arrest, the defendant was on probation, parole, or other pretrial release; and (4) the nature and seriousness of the danger to the community that would be posed by the defendant's release. 18 U.S.C. § 3142(g). *See also United States v. Abad*, 350 F.3d 793, 797 (8th Cir. 2003).

### B. Analysis

Turning to the facts in the instant action, Defendant is charged with murder in Indian country. Accordingly, regarding the first step in the analysis, the Court finds that detention is authorized pursuant to § 3142(f)(1)(A)-(B).

Defendant is charged with a violent offense. The weight of the evidence against Defendant is strong. Defendant is unemployed and it was not verified whether he could return to his home. Defendant abuses alcohol and marijuana. Defendant has violated the terms of supervision on numerous occasions and was on probation at the time of these events. Finally, and most importantly, the evidence supports a finding that Defendant's release would pose a danger to the community.

Based on the legal standards set forth above, and considering the evidentiary factors found in 18 U.S.C. § 3142(g), the Court finds by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of the community if Defendant is released. Therefore, pursuant to 18 U.S.C. § 3142(e), the Court concludes that Defendant should be detained prior to trial. Defendant was advised in open court of his right to file a motion with the District Court for revocation or amendment of this Order.

### III. ORDER

IT IS THEREFORE ORDERED as follows:

1. The Court finds probable cause exists that Defendant committed the crime described in the Criminal Complaint.

2. The Defendant is committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

3. The Defendant shall be afforded reasonable opportunity for private consultation with counsel.

DATED this 13th day of March, 2014.

_____
JON STUART SCOLES
CHIEF MAGISTRATE JUDGE
NORTHERN DISTRICT OF IOWA